**JOHN DILORENZO, JR.,** OSB #802040
johndilorenzo@dwt.com
**AARON K. STUCKEY**, OSB #954322
aaronstuckey@dwt.com
**CHRISTOPHER SWIFT**, OSB #154291
chrisswift@dwt.com
**SETH R. TANGMAN**, OSB #211456
moetangman@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| TIANA TOZER, PHILIP RHODES, BARBARA JACOBSEN, DANE SOUTHARD, LORIEN ILENA WELCHOFF, PAULINE LONG, MARK BARNHILL, STEVE JACKSON, KEITH MARTIN, and STEVEN REBISCHKE on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br><br>          v.<br><br>CITY OF PORTLAND,<br><br>                              Defendant. | Case No.:3:22-cv-1336<br><br>**CLASS ACTION COMPLAINT**<br><br>**Title II of Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.***<br><br>**(Class Action Allegation)** |

1.

Plaintiffs Tiana Tozer, Philip Rhodes, Barbara Jacobsen, Dane Southard, Lorien Ilena Welchoff, Pauline Long, Mark Barnhill, Steve Jackson, Keith Martin, and Steven Rebischke (collectively, "Plaintiffs"), on behalf of themselves and all other persons similarly situated, allege as follows:

## INTRODUCTION

2.

Plaintiffs bring this lawsuit against Defendant City of Portland ("Defendant" or the "City") to address the City's systemic failure to provide full and equal access to its sidewalks to Plaintiffs and similarly situated persons with mobility disabilities.[1] The City has failed and continues to fail to maintain its sidewalks clear of debris and tent encampments, which is necessary to make its sidewalks readily accessible to people with mobility disabilities. Indeed, a substantial number of the City's sidewalks—particularly those in the City's busiest business corridors—do not comply with applicable federal statutes and regulations because they are blocked by tent encampments and attendant debris, rendering the sidewalks inaccessible, dangerous, and unsanitary for people with mobility disabilities.

3.

The City's sidewalks are a fundamental public program, service, or activity that the City provides for the benefit of its residents and visitors. Clear and readily accessible sidewalks are necessary to permit people with mobility disabilities to independently, fully, and meaningfully participate in all aspects of society, including employment, housing, education, transportation, public accommodations, and recreation, among others. Accordingly, readily accessible sidewalks are essential to realizing the integration mandate of disability non-discrimination laws, including the Americans with Disabilities Act of 1990 (the "ADA") and the Rehabilitation Act of 1973 (the "Rehabilitation Act").

4.

Plaintiffs are individuals with mobility disabilities or caretakers for individuals with mobility disabilities. Plaintiffs bring this action on behalf of themselves and all persons with

---

[1] For purposes of this Complaint, persons with mobility disabilities includes persons with ambulatory disabilities, visual disabilities, or any other disability for which the person requires ADA compliant sidewalks, facilities, services, or programs in order to move throughout the City.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

mobility disabilities who live or work in Portland, and who are being denied full and equal access to the City's sidewalks and subjected to unlawful or hazardous conditions.

5.

Federal disability access laws were enacted to provide persons with disabilities an equal opportunity to participate fully in civic life. *See* 42 U.S.C. § 12101(a)(7); 29 U.S.C. § 794(a) (Section 504 of the Rehabilitation Act ("Section 504")). Under the ADA and Section 504, a public entity's sidewalks, crosswalks, and paved paths—collectively referred to as a public entity's "sidewalks"—are a "service, program, or activity of the City within the meaning of Title II of the ADA." *LA Alliance for Human Rights v. County of Los Angeles*, 14 F.4th 947, 959 (9th Cir. 2021). As detailed below, the City has excluded and continues to exclude Plaintiffs and all other similarly situated persons with mobility disabilities from participation in, and the benefits of, the City's sidewalk program, service, or activity by failing to maintain the City's sidewalks clear from tent encampments and debris, thereby discriminating against persons with mobility disabilities.

6.

The ADA and Section 504 mandate that a public entity operate each program, service, or activity so that the program, service, or activity, when viewed in its entirety, is readily accessible and usable by individuals with disabilities. 28 C.F.R. § 35.150(a), (b)(1); 45 C.F.R. § 84.22(a), (b). Where a person with a mobility disability "cannot traverse sidewalks [. . .] because of homeless encampments," a city can be required to clear the sidewalks "[t]o the extent the City is liable for the obstructions[.]" *LA Alliance*, 14 F.4th at 959.

7.

The denial of meaningful, equal, and safe access to the City's sidewalks for persons with mobility disabilities complained of in this Complaint is the direct result of the City's policies, procedures, and practices with regard to sidewalks and unsheltered persons.  The City has failed to adopt or implement reasonable administrative methods, policies, and procedures for inspecting, clearing, and maintaining the sidewalks, as required by the ADA and the Rehabilitation Act.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

8.

These administrative methods, policies, and procedures, or lack thereof, discriminate against persons with disabilities by denying them access to the City's sidewalks, as well as facilities in which the City's programs, services, and activities are made available to the public. Simply, the City's sidewalks, when viewed in their entirety, are not readily accessible to and usable by persons with mobility disabilities due to the City's failure to maintain clear sidewalks free of debris and tent encampments.  Indeed, the City's most glaring violations are centered in Portland's Old Town, Chinatown, Downtown, and Pearl District areas, as well as locations on the City's east side, including the Central Eastside Industrial District, the Lloyd District, and the areas surrounding Laurelhurst Park, Lone Fir Cemetery, and Sunnyside Elementary School.  Those areas are some of the City's busiest commercial and business corridors, as well as home to the majority of the City's public transportation hubs and Union Station—the City's sole Amtrak train station. Accordingly, the City's failure to maintain compliant sidewalks greatly diminishes the ability of persons with mobility disabilities to conduct business, commerce, and travel throughout the City and interstate.

9.

The City has failed to comply with the ADA and Section 504 by allowing tent encampments and debris to block City sidewalks for over three years.  Furthermore, for over three years, the City has made compliance with the ADA and Section 504 a lower priority than other activities and projects, including discretionary activities and projects not mandated by law.  The City's failure to prioritize compliance with the ADA and Section 504 constitutes a policy or practice that denies program access to, and discriminates against, persons with mobility disabilities.  This lawsuit seeks a court order requiring the City to comply with these laws to provide people with mobility disabilities meaningful access to the City's sidewalks.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

10.

Plaintiffs bring this action to remedy violations of Title II of the ADA, 42 U.S.C. § 12101, *et seq*., and its accompanying regulations, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, *et seq*., and its accompanying regulations.  Plaintiffs seek injunctive relief pursuant to these statutes and an award of reasonable attorney fees, expenses, and costs under applicable law.

## JURISDICTION AND VENUE

11.

This is an action for injunctive relief brought pursuant to Title II of the ADA, 42 U.S.C. §§ 12101 to 12213, and Section 504, 29 U.S.C. § 794, *et seq*. to redress systemic civil rights violations against people with mobility disabilities by the City of Portland.

12.

This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 for claims arising under the ADA and Section 504.

13.

This Court has jurisdiction to issue injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Rule 65 of the Federal Rules of Civil Procedure.

14.

Venue is proper in the District of Oregon because the City resides in the District of Oregon within the meaning of 28 U.S.C. § 1391, and because the events, acts, and omissions giving rise to Plaintiffs' claims occurred in the District of Oregon.  Assignment to the Portland Division is proper because the City is located in Multnomah, Washington, and Clackamas Counties.

## PARTIES

15.

Plaintiff Tiana Tozer ("Ms. Tozer") lives in the Irvington neighborhood of Portland, Oregon and works in Downtown Portland.  Ms. Tozer has a mobility disability that limits her ability to walk.  Ms. Tozer is a "qualified person with a disability" and a person with a "disability"

Page 5 – CLASS ACTION COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

within the meaning of all applicable statutes and regulations, including 42 U.S.C. § 12131(2), 28 C.F.R. § 35.104, and 29 U.S.C. § 705(20)(B).

16.

Plaintiff Philip Rhodes ("Mr. Rhodes") lives in the Old Town neighborhood of Portland, Oregon. Mr. Rhodes is a veteran and has a mobility disability that substantially limits his ability to walk and requires the use of an electric scooter or a walker. Mr. Rhodes is a "qualified person with a disability" and a person with a "disability" within the meaning of all applicable statutes and regulations, including 42 U.S.C. § 12131(2), 28 C.F.R. § 35.104, and 29 U.S.C. § 705(20)(B).

17.

Plaintiff Barbara Jacobsen ("Ms. Jacobsen") lives in the Old Town neighborhood of Portland, Oregon. Ms. Jacobsen has life-long congenital medical conditions that restrict her mobility and require her to use a walker, rely on public transportation, and rely on the City's sidewalks. Ms. Jacobsen is a "qualified person with a disability" and a person with a "disability" within the meaning of all applicable statutes and regulations, including 42 U.S.C. § 12131(2), 28 C.F.R. § 35.104, and 29 U.S.C. § 705(20)(B).

18.

Plaintiff Dane Southard ("Mr. Southard") lives in the Park Blocks in downtown Portland, Oregon. Mr. Southard suffered a spinal cord injury that restricts his mobility and requires him to use a wheelchair, cane, or walker at all times. Mr. Southard is a "qualified person with a disability" and a person with a "disability" within the meaning of all applicable statutes and regulations, including 42 U.S.C. § 12131(2), 28 C.F.R. § 35.104, and 29 U.S.C. § 705(20)(B).

19.

Plaintiff Lorien Ilena Welchoff ("Ms. Welchoff") lives in the Pearl District neighborhood of Portland, Oregon. Ms. Welchoff has been diagnosed with Cerebral Palsy and Spastic Diplegia Type 4. Both conditions restrict Ms. Welchoff's mobility and require her to use a wheelchair or electric scooter. Ms. Welchoff is a "qualified person with a disability" and a person with a

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

"disability" within the meaning of all applicable statutes and regulations, including 42 U.S.C. §
12131(2), 28 C.F.R. § 35.104, and 29 U.S.C. § 705(20)(B).

20.

Plaintiff Pauline Long ("Ms. Long") lives near the Lloyd District neighborhood of
Portland, Oregon. Ms. Long has a disability that restricts her mobility and requires her to use an
electric wheelchair. Ms. Long is a "qualified person with a disability" and a person with a
"disability" within the meaning of all applicable statutes and regulations, including 42 U.S.C. §
12131(2), 28 C.F.R. § 35.104, and 29 U.S.C. § 705(20)(B).

21.

Plaintiff Mark Barnhill ("Mr. Barnhill") lives in the River District neighborhood of
Portland, Oregon. Mr. Barnhill has a disability that restricts his mobility and requires him to use
an electric wheelchair. Mr. Barnhill is a "qualified person with a disability" and a person with a
"disability" within the meaning of all applicable statutes and regulations, including 42 U.S.C. §
12131(2), 28 C.F.R. § 35.104, and 29 U.S.C. § 705(20)(B).

22.

Plaintiff Steve Jackson ("Mr. Jackson") lives in the Woodlawn neighborhood of Portland,
Oregon. Mr. Jackson has a condition called retinitis pigmentosa which has rendered him legally
blind and continues to deteriorate his vision.  Mr. Jackson's condition requires him to use a cane
to assist his walking. Mr. Jackson is a "qualified person with a disability" and a person with a
"disability" within the meaning of all applicable statutes and regulations, including 42 U.S.C. §
12131(2), 28 C.F.R. § 35.104, and 29 U.S.C. § 705(20)(B).

23.

Plaintiff Keith Martin ("Mr. Martin") lives in the Cultural District in downtown Portland,
Oregon. Mr. Martin suffered a hemorrhagic stroke that left him partially paralyzed. Mr. Martin
requires a mobility scooter or a walker to move around. Mr. Martin is a "qualified person with a

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

disability" and a person with a "disability" within the meaning of all applicable statutes and regulations, including 42 U.S.C. § 12131(2), 28 C.F.R. § 35.104, and 29 U.S.C. § 705(20)(B).

24.

Plaintiff Steven Rebischke ("Mr. Rebischke") lives in the Laurelhurst neighborhood of Portland, Oregon. Mr. Rebischke is a full-time caretaker for a person with a mobility disability that restricts his mobility and requires him to use a walker or cane. The person to whom Mr. Rebischke provides care is a "qualified person with a disability" and a person with a "disability" within the meaning of all applicable statutes and regulations, including 42 U.S.C. § 12131(2), 28 C.F.R. § 35.104, and 29 U.S.C. § 705(20)(B), and Mr. Rebischke has standing to bring this lawsuit pursuant to 42 U.S.C. § 12133.

25.

The Plaintiff class consists of all Portland residents with mobility disabilities, or caretakers of persons with mobility disabilities, who use or will use the sidewalks in the City through the date of judgment in this action.

26.

At all times relevant to this Complaint, Defendant City of Portland is and has been a public entity within the meaning of Title II of the ADA and has received federal financial assistance within the meaning of the Rehabilitation Act of 1973 sufficient to invoke its coverage.

27.

The City is a local government entity with the responsibility of providing Plaintiffs and other persons with mobility disabilities with access to its public facilities, programs, services, and activities. The City is responsible for maintaining, repairing, and regulating its sidewalks.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## FACTS APPLICABLE TO ALL CLAIMS

### 28.

In the past several years, the unsheltered population of Portland has increased significantly. Since the onset of the Covid-19 Global Pandemic and the corresponding economic downturn, the number of such persons camping on the streets of downtown Portland exploded.

### 29.

While political pressure has mounted on City officials to address these issues, competing political headwinds and countervailing forces have prevented the City from acting. The result is that the City has taken only limited action to maintain its sidewalks clear from tent encampments and debris and, instead, prioritizes other public projects.

### 30.

The City's failure to curb and reasonably control the proliferation of tent encampments has had a particularly harmful impact on persons with mobility disabilities. This is unfortunate because this population is frequently marginalized and relies on a functional city government to ensure their ability to effectively and safely navigate the City so that they may live their lives. Indeed, 12.9% of Portlanders live with a disability, constituting the largest minority in Portland. 6% of Portlanders have an ambulatory impairment and 2.4% of Portlanders have a visual impairment, both of which are affected by the City's inaction, and are more likely than other Portlanders to rely on ADA compliant sidewalks to use the City's public amenities, such as TriMet.

### 31.

On January 26, 2022, a point-in-time survey conducted of the Portland Metropolitan Area showed that 5,228 persons in Multnomah County were homeless, and 3,057 were unsheltered and sleeping on the street. Of those 3,057 people, a large number have turned the sidewalks of Portland into unsafe and hazardous dwellings.[2]

---

[2] The City maintains a regularly updated map of Portland—called the "Campsite Reports – Time Aware Map"—indicating the locations of unsafe and hazardous tent "campsites, vehicles, or an accumulation of garbage reported to the City using the One Point of Contact Campsite Reporting

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

32.

The majority of tent encampments that have proliferated in west Portland are in the Old Town[3], Chinatown, and Pearl District neighborhoods. Those neighborhoods are among Portland's busiest business corridors and also home to the City's transportation hubs. The areas and streets around Union Station, as one example, have become so overpopulated with tent encampments and debris that entirely block the sidewalks, that persons with mobility disabilities are unable to maneuver through those streets and are denied access to TriMet MAX Blue, Red, Yellow, and Green lines; many TriMet Bus Lines; and Amtrak services to other states.

33.

Similarly, Portland's east side has tent encampments throughout. The highest concentrations of tent encampments on the east side are found in the Central Eastside Industrial District, the Lloyd District[4], and in the areas surrounding Laurelhurst Park, Lone Fir Cemetery, and Sunnyside Elementary School.

34.

A great number of the tent encampments block the sidewalks and prevent persons with mobility disabilities from being able to use them. Additionally, the tent encampments typically contain attendant trash that pose additional health and safety threats. The following paragraphs

---

System." The map is hosted by ArcGIS Online and may be found at:
https://www.arcgis.com/apps/TimeAware/index.html?appid=ac6a6abf1092482190984a5df9dfacb0.

[3] Due to the abundance of sidewalks and density in Old Town, as well as the proximity to public resources and amenities, the percentage of persons with mobility disabilities living in Old Town is nearly 14% higher than the rate of persons with mobility disabilities living in Portland at large. The proliferation of tent encampments in Old Town is, accordingly, particularly troublesome to people with mobility disabilities.

[4] Similar to Old Town, the Lloyd District has a much higher rate of residents with mobility disabilities than the City at large, ostensibly due to the density and abundance of resources nearby.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

illustrate that a few representative examples of blocked sidewalks caused by tent encampments, and attendant threats to persons with mobility disabilities throughout the City as a whole:

35.



The tent encampment shown in this photograph at NW Broadway & Glisan Street in Old Town blocked an entire sidewalk from use by persons with mobility disabilities. Within one block of this tent encampment are vital public resources and services upon which persons with mobility disabilities rely. The post office, Union Station, the Greyhound station, and several MAX and bus stops are all within a city block or two of this tent encampment. Tent encampments in high traffic areas such as this are particularly troublesome to persons with mobility disabilities. This encampment was removed by the City prior to the filing of this complaint but the City has taken no steps to assure that a similar encampment will not return.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

36.



The tent encampment in this photograph completely blocked City sidewalks adjacent to the Pacific Northwest College of Arts on SW Broadway and Hoyt Street prior to the filing of this complaint. The encampment is now smaller but college students with mobility disabilities who attend Pacific Northwest College of Arts continue to have issues entering and leaving the school because of such encampments and frequently have to maneuver in the street to gain access to their school.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

37.



This tent encampment at NW Broadway and Hoyt completely blocks the sidewalk near an intersection providing access to Pacific Northwest College of Arts, Union Station, and numerous TriMet Stops.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

38.



This tent encampment completely blocks the sidewalk on the backside of the Pacific Northwest College of Arts on NW Park Avenue between Hoyt & Glisan Streets. This tent encampment also poses an obstacle to persons with mobility disabilities attempting to access the North Park Blocks.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

39.



The tent encampment in this photograph was located on NW 2nd Avenue and Flanders Street in China Town. The tent encampment—in addition to blocking the sidewalks—obstructed the sidewalk access adjacent to a handicap parking spot (see wheelchair parking sign). Persons looking for parking for a wheelchair van would likely have to abandon this spot and look elsewhere because the obstruction would interfere with safely unloading a wheelchair. Although this encampment was removed by the City prior to filing this complaint, the City has taken no steps to assure that similar encampments will not return.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

40.



The tent encampment in this photograph blocks the sidewalk at the intersection of NW 2nd Avenue and Couch Street. This section of Old Town contains numerous tent encampments posing obstacles to persons with mobility disabilities attempting to use one of Portland's historic business corridors.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

41.



The tent encampment in this photograph blocks the sidewalk on the north side of Burnside Street between NW 2nd and 3rd Avenues. This tent encampment poses a significant obstacle to persons with mobility disabilities attempting to access the TriMet Bus Mall, the Downtown corridor, or attempting to cross into the east side of Portland over the Burnside Bridge—one of the more pedestrian friendly bridges.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

42.



The tent encampment in this photograph blocks the sidewalk on the east side of NW 19th Avenue

between Thurman and Savier Streets at an I-405 overpass.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

43.



The tent encampment in this photograph blocks even more of the sidewalk on the east side of NW 19th Avenue between Thurman and Savier Streets at an I-405 overpass, immediately following the blockage shown in Paragraph 42.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

44.



This is the same tent encampment shown in Paragraph 43 blocking the sidewalk on the east side of NW 19th Avenue between Thurman and Savier Streets. This photograph highlights that the sidewalk on this stretch of street is completely blocked to persons with mobility disabilities.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

45.



The tent encampment in this photograph is taken from a similar vantage point to that taken in Paragraph 45. This tent encampment occludes the sidewalk on the west side of NW 19th Avenue between Thurman and Savier Streets.

Page 21 – CLASS ACTION COMPLAINT

4885-2693-9427v.13 0113258-000001
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

46.



This panoramic photograph shows the extent of the tent encampments described Paragraphs 42 through 45. These tent encampments show that the sidewalks on both sides of NW 19th Avenue are blocked between Thurman and Savier Streets. This encampment is particularly problematic because it could prevent persons with mobility disabilities from crossing under I-405 without maneuvering unsafely in the streets.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

47.



 The tent encampment in this photograph completely blocked the west side sidewalk on SW 15th Avenue between Taylor and Salmon Streets prior to filing this complaint.  Since that time the encampment has become smaller but still poses a significant challenge to Lincoln High School students with mobility disabilities attempting to enter their school.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

48.



The tent encampment in this photograph completely blocks the sidewalk on the north side of SE Alder Street between Grand Avenue and Martin Luther King, Jr. Boulevard. This area is in a high-density area with plenty of amenities normally accessible to persons by sidewalks, including the Oregon Museum of Science and Industry, and numerous shops and businesses located in the Central East Side business district.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

49.



The tent encampment in this photograph completely blocks the sidewalk on the south side of SE Stark Street between Martin Luther King, Jr. Boulevard and 7th Avenue. and is frequently used by pedestrians traveling from the Central Eastside business district to the restaurants and shops on lower Burnside.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

50.



The tent encampment in this photograph completely blocks the sidewalk on the west side of SE 30th Avenue at Belmont Street in the Sunnyside Neighborhood in Southeast Portland. This tent encampment is particularly problematic for persons with mobility disabilities attempting to visit the numerous restaurants and shops on SE Belmont Street—one of the most vibrant cultural centers of the City.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

51.



The tent encampment in this photograph completely blocks the sidewalk on the south side of NE

Halsey Street near 9th Avenue in the Lloyd District.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

52.



The tent encampment and garbage piles in this panoramic photograph completely blocks the sidewalk on the north side of NE Halsey Street near 14th Avenue in the Lloyd District. The tent encampments in Paragraphs 51 and 52 prevent persons with mobility disabilities from commuting to the numerous office buildings and jobs in the Lloyd District, as well as the many restaurants, shops, and amenities in the Lloyd District, including the Lloyd Center.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

4885-2693-9427v.13 0113258-000001

53.



The tent encampment in this photograph completely blocks the sidewalk on the east side of NE Wheeler Avenue in Northeast Portland immediately adjacent to the Moda Center and surrounding amenities. This tent encampment poses a significant problem to persons with mobility disabilities attempting to see a concert or Portland Trail Blazers game at the Moda Center—an activity enjoyed by many Portlanders.

Page 29 – CLASS ACTION COMPLAINT

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

54.



The tent encampment in this photograph blocked a portion of the sidewalk on SE Cesar Chavez Boulevard and Pine Street adjacent to Laurelhurst Park. This tent encampment was particularly dangerous to persons with mobility disabilities because Cesar Chavez Blvd is one of the busiest thoroughfares in the City and a person with a mobility disability could not maneuver into that street without unacceptably dangerous threats to their physical well-being. The location of this tent encampment was even more troublesome because it was located very near to a bus stop, upon which persons with mobility disabilities may rely upon to travel the city. This tent encampment was also particularly dangerous to the persons living in it, as they were unacceptably close to a fast-moving thoroughfare and are at risk of being struck by cars. This encampment was recently removed by the City but the City has taken no steps to assure that encampment like these do not recure in the Laurelhurst area.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

55.



The garbage pile shown in this photograph was taken at Laurelhurst Park, a public resource used by persons with mobility disabilities. Particularly prominent is this photograph are hypodermic syringes ostensibly used at the tent encampments to inject drugs. Hypodermic syringes pose a serious health risk to persons with mobility disabilities who may become stuck with the syringes while operating a wheelchair, putting them at risk for communicable diseases. Plaintiffs frequently see similar trash piles containing syringes near tent encampments across town.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

56.



The tent encampment in this photograph completely blocks the sidewalk on the west side of SW 11th Avenue in Southwest Portland at Jefferson Street immediately adjacent to retail businesses and other amenities in the Cultural District.

57.

The City, for its part, has failed to implement any consistent and reliable policy to clear and maintain the sidewalks such that all Portlanders are able to safely and effectively use the sidewalks. Accordingly, the City has denied persons with disabilities readily accessible sidewalks.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## EXPERIENCES OF THE NAMED PLAINTIFFS

58.

**A.      Tiana Tozer**

Ms. Tozer is a 54-year-old activist, former humanitarian aid worker, and two-time Paralympic medalist at the 1992 Barcelona and 1996 Atlanta Paralympic Games. Ms. Tozer was struck by a drunk driver when she was 20-years-old, which left her with a permanent mobility disability that makes it difficult for her to walk. Ms. Tozer has made it her life's mission to advocate for justice for persons with disabilities.

59.

Ms. Tozer is a tenacious advocate for justice. She was a congressional intern in the early 1990s and successfully worked for the passage of the Americans with Disabilities Act—the same act through which she brings the current action. Ms. Tozer then moved abroad to Iraq where she implemented a program teaching people with disabilities to advocate for themselves, deliver social change, and run a program that taught over 10,000 women how to read and write. Ms. Tozer also served as the State Director in Southern Kordofan in Sudan where she ran a program to develop government capacity to deliver services.

60.

Ms. Tozer lives in the Irvington neighborhood of Portland, Oregon. Ms. Tozer works downtown and frequently runs errands in the Lloyd District of Portland. In commuting to work and running her errands, Ms. Tozer relies on the City's sidewalks.

61.

Ms. Tozer frequently finds herself having to alter her routes to maneuver around tent encampments in the Lloyd District and in Downtown Portland and, at times, Ms. Tozer has had to maneuver in the street because the sidewalks are completely blocked by tent encampments. Ms. Tozer views the tent encampments as an unsafe condition and violation of the ADA that puts her

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

and other people with mobility disabilities at risk of physical danger and harm, in addition to denying them equal access to public facilities.

62.

**B.    Philip Rhodes**

Mr. Rhodes is an 81-year-old Navy Veteran who served as a flight-deck crewman and has a 10% disability rating from the Veteran's Affairs Administration. His sole income sources are SSA and VA disability payments. Because both of Mr. Rhodes' knees are damaged from old injuries, his mobility is limited and he relies on an electric scooter to help him get around and run errands, such as going to the grocery store. For short distances, Mr. Rhodes is able to use a walker.

63.

Mr. Rhodes is originally from East St. Louis, Illinois. He moved to Portland and into the current building where he lives in Old Town in 2004, the same year that he retired. When he moved into Old Town, Mr. Rhodes notes that Portland was a safe, clean, and well-run city.

64.

In recent years, Mr. Rhodes has experienced the downturn of Portland's downtown which has coincided with the proliferation of unsheltered persons living on the streets in tents near his apartment, and in the neighborhoods where he shops and runs errands. Mr. Rhodes has experienced unsheltered persons camping on downtown sidewalks who completely obstruct his ability to use the sidewalks to run errands and conduct business. Indeed, Mr. Rhodes routinely has to cross the street to use sidewalks on the other side of the block in order to move through downtown and has even, at times, had to operate his electronic scooter in the street in order to bypass encampments that obstruct his ability to use the sidewalks, putting himself in danger.

65.

Mr. Rhodes efforts to use the City sidewalks have also resulted in unprovoked altercations with unsheltered persons. One such person tried to push him into traffic, and, on two separate instances, unsheltered persons have stood in the sidewalk and prevented Mr. Rhodes from passing,

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main ⋅ (503) 778-5299 fax

requiring him to turn around and take another route. Mr. Rhodes has also suffered verbal assaults on occasion. Accordingly, Mr. Rhodes avoids going outside after dark out of concerns for his safety and wanting to avoid further dangerous encounters.

66.

### C.    Barbara Jacobsen

Ms. Jacobsen—affectionately called Babs by her friends and community—is a 62-year-old woman living in the Old Town and has lived in Portland for over 25 years. Ms. Jacobsen suffers from a degenerative joint disease, vocal cord dysfunction, chronic obstructive pulmonary disease, post-traumatic stress disorder, and fibromyalgia. Ms. Jacobsen uses an electric wheelchair to move around. Ms. Jacobsen also uses a service dog named Vinnie to alert her to seizures and breathing ailments.  She is an accomplished artist and sings in the choir with the Maybelle Center.

67.

Ms. Jacobsen formerly volunteered at a community nonprofit in Old Town that helps fight social isolation in disadvantaged communities. From her current home, and from her prior home in the Pearl District, Ms. Jacobsen commutes on the City's sidewalks and on public transit. In recent years, Ms. Jacobsen has noticed a decline in downtown Portland's safety and cleanliness. Since her nonprofit reopened, Ms. Jacobsen finds it challenging to get around due to tent encampments and debris. Ms. Jacobsen frequently has to operate her wheelchair in the street in order to maneuver around the tents, putting herself in danger.

68.

Further, while maneuvering through her neighborhood Ms. Jacobsen has to keep Vinnie on her wheelchair with her because it is not safe for him to walk beside her. For instance, in areas near the tent encampments, especially near Union Station, there is frequently broken glass, vomit, syringes, urine, and feces on the ground that would harm Vinnie if he were allowed to walk.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

69.

Recently, Ms. Jacobsen was assaulted by unsheltered persons while out walking during the day. Ms. Jacobsen has been spat on and sees frequent and open drug use in the tent encampments. She has been maced by unsheltered persons as she left a nearby business establishment and took three weeks to heal.  Accordingly, Ms. Jacobsen fears for her safety and has taken to carrying a knife for self-defense.

70.

Ms. Jacobsen has also been prevented from leaving her apartment by an unsheltered person sleeping in the doorway. The cumulative effects of the tent encampments prevent Ms. Jacobsen from safely using the sidewalks to buy groceries, visit her doctors, and commute to and from work, and the drug use and crime associated with the tent encampments make Ms. Jacobsen fearful for her safety.

71.

**D.    Dane Southard**

Mr. Southard lives in the Park Blocks in downtown Portland. Seven years ago, Mr. Southard suffered a spinal cord injury and became permanently disabled. Mr. Southard has limited mobility and uses a cane, walker, or wheelchair.

72.

Mr. Southard routinely has issues moving through downtown because of tent encampments blocking the sidewalk. Mr. Southard tries to maneuver past encampments to the best of his ability, but frequently finds that he has to avoid using certain sidewalks on certain streets because they are completely blocked by tents, and he is unable to maneuver around them. Mr. Southard has also been unable to use sidewalks due to debris accumulated and generated by the tent encampments. Mr. Southard also uses the parks in downtown Portland less than he used to due to the obstructions and fear for his safety.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

73.

Even worse, Mr. Southard has been threatened and harassed by unsheltered persons in tents on numerous occasions while doing nothing but trying to maneuver around their tents. He has been physically assaulted twice outside his home by such persons, has been held against his will in an attempted mugging, and has been chased by an unsheltered person who pushed her way into the lobby of his building. Both he and his building have reported the crimes to police, but the police officers tell him there is nothing that they can do to address the sidewalk blockages caused by the tent encampments.

74.

**E.    Lorien Ilena Welchoff**

Ms. Welchoff is a 21-year-old art student at a college in the Pearl District. Ms. Welchoff was diagnosed with Cerebral Palsy at 18 months old. At 14 years old, she was diagnosed with Spastic Diplegia Type 4. Because of these conditions, Ms. Welchoff has to use an electric scooter or a wheelchair to move around.

75.

Ms. Welchoff also lives in the Pearl District, commutes to and from school at the Pacific Northwest College of Art by the City sidewalks, and frequently uses public transportation to visit her hometown of Aloha, Oregon. Ms. Welchoff has difficulties commuting to school and Aloha from her house. Ms. Welchoff frequently has to change routes, take longer routes, and operate her wheelchair in the street because of tent encampments and debris obstructing the sidewalk.

76.

Ms. Welchoff has been followed and harassed by unsheltered persons as she attempts to navigate around their encampments and even had her personal property stolen while attempting to enter her school. Because of this, Ms. Welchoff has become fearful of moving through downtown and uses her school's campus safety officer to escort her back to her home whenever it is dark outside—she simply does not feel safe and is scared to deal with unsheltered persons after dark.

Page 37 – CLASS ACTION COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

77.

Further, Ms. Welchoff has frequently had to wash herself and her wheelchair off after returning home due to operating her wheelchair through human feces which is not visible after dark. The tent encampments obstructing downtown sidewalks have become unsanitary and pose substantial health risks to Ms. Welchoff.

78.

**F.      Pauline Long**

Ms. Long is a 66-year-old woman residing in the Lloyd District neighborhood in east Portland. Ms. Long has a disability that affects her mobility and requires her to use an electric wheelchair to move around.

79.

Ms. Long has lived in the Lloyd District for roughly two years and relies on the City's sidewalks to navigate her neighborhood, including travelling to her gym, L.A. Fitness, and travelling to Lloyd Center to run errands and shop.

80.

Several months ago, tent encampments began popping up on NE Weidler Street in the Lloyd District immediately in Ms. Long's route to her neighborhood amenities. The tent encampments frequently include vehicles converted into dwellings and the persons residing in those encampments frequently block the sidewalk with refrigerators, stoves, abandoned appliances, and trash. Ms. Long has also been prevented from using the sidewalks due to the presence of used needles, urine, and human feces—all of which pose a health risk to her. Ms. Long has also been harassed by the persons living in the tent encampments, including having a full bottle of liquid thrown at her for running over a sandwich wrapper with her wheelchair. Ms. Long worries for her safety when traversing around the tent encampments and frequently has to operate her wheelchair in the street or take more circuitous routes to arrive at her destination.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

81.

**G.     Mark Barnhill**

Mr. Barnhill is a 64-year-old veteran living in the River District neighborhood in west Portland. Mr. Barnhill has a disability that affects his mobility and requires him to use an electric wheelchair to move around.

82.

Mr. Barnhill frequently finds himself unable to use the sidewalks due to the presence of the tent encampments which often completely block the sidewalks. Mr. Barnhill has had to operate his wheelchair in the street to maneuver around the tent encampments or all together change his routes to get where he is going. As one such example, Mr. Barnhill relies on the number 8 TriMet bus to commute to his doctor at the Veteran's Administration hospital at the Oregon Health & Sciences University campus. Frequently there has been a tent encampment blocking his ability to cross into Old Town at NW 1st Avenue and Glisan Street which prevents him from accessing his bus. When that crosswalk is blocked, Mr. Barnhill is required to reroute four to five blocks out of his way which can significantly delay him or cause him to forego visiting his doctor at all.

83.

Mr. Barnhill also worries for his safety and has been harassed and even followed by unsheltered person on several occasions. On one such occasion, Mr. Barnhill felt so scared that he had to confront the unsheltered person and threaten force to defend himself. Mr. Barnhill has taken to carrying a taser with him for self-defense.

84.

**H.     Steve Jackson**

Mr. Jackson is a 47-year-old man living in the Woodlawn neighborhood in Northeast Portland. Mr. Jackson has a condition called retinitis pigmentosa that has rendered him legally blind and continues to deteriorate his vision. Mr. Jackson requires the use of a cane to safely navigate throughout the City.

Page 39 – CLASS ACTION COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

85.

Mr. Jackson is self-employed under the Randolph-Sheppard Act which provides opportunities to blind people to fulfill vending needs in federal facilities. Through that program, Mr. Jackson operates two micro-market convenience stores: one in the Bonneville Power Administration building in the Lloyd District and the other at Lloyd Center.

86.

Mr. Jackson walks to work and frequently encounters tents in the middle of the sidewalk or attendant debris from the tent encampments that completely obstructs Mr. Jackson's ability to use the sidewalk. When this happens, Mr. Jackson is required to step into the street to maneuver around the encampments. Entering the street in this manner is especially dangerous to Mr. Jackson, who—owing to his vision disability—is unable to safely watch for cars.

87.

Mr. Jackson has at times accidentally stepped on the foot or leg of persons in the tent encampments when attempting to walk by. When this happens, Mr. Jackson and the persons in the tent encampments are startled, and Mr. Jackson is forced to continue on in fear, hoping that the person does not assume that he stepped on them on purpose and will not pursue him to harass or attack him.

88.

Mr. Jackson has repeatedly reported his safety concerns to local authorities to no avail. Indeed, Mr. Jackson even testified to the Portland City Council on November 10, 2021, to alert them to the dangerous sidewalk conditions but has seen no improvement.

89.

I.      Keith Martin

Mr. Martin is a 71-year-old man that lives in the Cultural District in downtown Portland. Mr. Martin is a longtime Portland resident and pillar of the community. Mr. Martin moved to Portland in 1969 to attend Reed College. He then briefly left Portland to attend The Julliard School

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

in New York City, New York. When Mr. Martin returned to Portland, he founded the first professional ballet company in the state, Ballet Oregon. Ballet Oregon continues to this day as the Oregon Ballet Theater. Most recently, Mr. Martin finished two three-year terms as a trustee for the Oregon Ballet Theater and has been an active supporter of the Portland Art Museum for many years. Mr. Martin is also a small business owner, publishing a magazine for sports car collecting for 35 years. Years ago, Mr. Martin was an active volunteer at Baloney Joe's—a former non-profit that assisted Portland's population of persons experiencing houselessness by providing showers, fresh clothing, and an address such that they could apply for jobs and re-enter the workforce.

90.

Three years ago, Mr. Martin suffered a hemorrhagic stroke that left him partially paralyzed and permanently disabled. Mr. Martin has limited mobility and relies on a mobility scooter or walker to move. After suffering his stroke, Mr. Martin decided to move to the Cultural District because—although he could never be as active as he once was—Mr. Martin wanted to live life to its fullest. Mr. Martin specifically decided on the Cultural District because of its proximity to mass transportation—upon which he now relies—as well as its proximity to a grocery store, restaurants, nightlife, and cultural attractions such as the Art Museum. Because Mr. Martin decided on moving to a condominium with these amenities and features, he is able to live completely independently and without the assistance of an aide. He also lives with his teenage son, a Lincoln High School student, half of the week.

91.

Since moving to the Cultural District, Mr. Martin has noticed a marked decline in his access to the amenities and mass transit that were the deciding factor on where he chose to live. Mr. Martin's building frequently has tent encampments in front of it or adjacent to it that require him to operate his scooter in the street in order to maneuver around them, putting himself in danger. If Mr. Martin decides to accompany his son to school at Lincoln, he similarly has to operate his scooter unsafely in the street to maneuver around tent encampments en route to, or near, Lincoln.

Page 41 – CLASS ACTION COMPLAINT

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

92.

Mr. Martin no longer feels safe in the Cultural District. Mr. Martin has been yelled at and harassed by residents of tent encampments for doing nothing more than operating his scooter in proximity to the tent encampments. While Mr. Martin used to frequently ride the Streetcar to travel around the City, he now sparingly uses it now because he feels vulnerable while waiting on the platform with no means of escape. Mr. Martin has even taken to carrying mace for self-defense.

93.

**J.      Steven Rebischke**

Mr. Rebischke is a 58-year-old man living in the Laurelhurst neighborhood in Southeast Portland. Mr. Rebischke does not have a disability, but rather is a full-time caregiver to a person who suffers from a previous stroke, dementia, and Wernicke-Korsakoff syndrome. The person to whom Mr. Rebischke provides care uses a walker or cane to move, and has issues navigating sidewalks, even under clear conditions.

94.

Mr. Rebischke's neighborhood has seen a proliferation of tent encampments which prevent Mr. Rebischke's charge from safely walking with his cane or walker. He often has to walk around the encampments in the street, putting himself in danger. The tent encampments have posed issues entering Laurelhurst Park—another public facility frequently denied to the person to whom Mr. Rebischke provides care.

95.

For over a year, Mr. Rebischke has complained to City, County, State, and Federal officials about the tent encampments and their attendant garbage, misbehaved dogs, and repeated harassment from unsheltered persons suffered while walking his neighborhood with the person to whom he provides care. Mr. Rebischke has been so frustrated with the tent encampments' effects on access to sidewalks and the park, and the City's refusal to respond to his complaints, that Mr.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Rebischke has filed an ADA complaint. Mr. Rebischke's ADA complaint has seemingly gone nowhere and has received no follow-up.

## CLASS ACTION ALLEGATIONS

### 96.

Plaintiffs bring this action individually, and on behalf of all Portland residents with mobility disabilities who use or will use the sidewalks in the City, as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

### 97.

Each member of the class is a "qualified person with a disability" and a person with a "disability" pursuant to 42 U.S.C. § 12131(2) and 29 U.S.C. § 794(a). The persons in the class are so numerous that the joinder of all such persons is impracticable and that the disposition of their claims in a class action rather than in individual actions will benefit the parties and the Court. The class consists of thousands of persons with mobility disabilities.

### 98.

The City has failed and continues to fail to comply with the ADA and Section 504 in its implementation of administrative methods, policies, procedures, and practices with regard to the maintenance and regulation of city sidewalks to remain clear of tent encampments and debris that occlude the sidewalks. The City has not adopted and does not enforce appropriate administrative methods, policies, procedures, or practices to ensure compliance with the ADA and Section 504 and that persons with mobility disabilities have equal access to facilities, programs, services, and activities.

### 99.

The violations of the ADA have injured the Plaintiffs and every member of the class and give rise to actionable claims of discrimination under the ADA and Section 504 and, accordingly, Plaintiffs are entitled to injunctive relief requiring the City to remediate and maintain its sidewalks and walkways clear from tent encampments, debris, or other obstructions.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

100.

Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole. Class claims are brought for the purposes of obtaining injunctive relief only.

101.

The claims of the Plaintiffs are typical of those of the class in that they arise from the same course of conduct engaged in by Defendant. The relief sought herein will benefit all class members alike.

102.

Plaintiffs will fairly and adequately represent the interests of the class. They have no interests adverse to the interests of other members of the class and have retained counsel who are competent and experienced in litigating complex class actions, including large scale cases.

103.

The requirements of Rule 23 of the Federal Rules of Civil Procedure are met with regard to the proposed class in that:

a.    The class is so numerous that it would be impractical to bring all class members before the court;

b.    There are questions of law and fact which are common to the class;

c.    Plaintiffs' claims for injunctive relief are typical of the claims of the class;

d.    Plaintiffs will fairly and adequately represent common class interests and are represented by counsel who are experienced in law reform class actions and the issues in this case; and

e.    Defendant has acted or refused to act on grounds generally applicable to the class.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

104.

The common questions of law and fact, shared by the Plaintiffs and all class members, include but are not limited to:

a.      Whether Defendant is violating Title II of the ADA, 42 U.S.C. § 12101, *et seq.*, by failing to remediate and maintain sidewalks free from obstructing tent encampments and debris which renders the City's sidewalk program, service, or activity inaccessible to and unusable by persons with mobility disabilities, and which otherwise discriminates against persons with mobility disabilities;

b.      Whether Defendant is violating Title II of the ADA, 42 U.S.C. § 12101, *et seq.*, by failing to remediate and maintain sidewalks free from obstructing tent encampments and debris which renders facilities in which the City's programs, services, or activities are made available to the public inaccessible to and unusable by persons with mobility disabilities, and which otherwise discriminates against persons with mobility disabilities;

c.      Whether Defendant is violating Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*, by failing to remediate and maintain sidewalks free from obstructing tent encampments and debris which renders the City's sidewalk program, service, or activity inaccessible to and unusable by persons with mobility disabilities, and which otherwise discriminates against persons with mobility disabilities;

d.      Whether Defendant is violating Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*, by failing to remediate and maintain sidewalks free from obstructing tent encampments and debris which renders facilities in which the City's programs, services, or activities are made available to the public inaccessible to and unusable by persons with mobility disabilities, and which otherwise discriminates against persons with mobility disabilities; and

e.      Whether Defendant, by its actions and omissions alleged in this Complaint, has engaged in a pattern or practice of discriminating against Plaintiffs and other persons with mobility disabilities in violation of applicable federal disability access laws.

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**FIRST CLAIM FOR RELIEF**
**Title II of the Americans with Disabilities Act of 1990**
**42 U.S.C. § 12101 *et seq*.**

105.

Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs.

106.

Title II of the ADA provides in part: "no qualified individual with a disability, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

107.

At all times relevant to this action, the City was and is a "public entity" within the meaning of Title II of the ADA and provides a sidewalk program, service, or activity to the general public.

108.

At all times relevant to this action, Plaintiffs and the members of the class were and are qualified individuals within the meaning of Title II of the ADA and meet the essential eligibility requirements for the receipt of the services, programs, or activities of the City. 42 U.S.C. § 12131.

109.

Defendant is mandated to operate each program, service or activity so that, "when viewed in its entirety, it is readily accessible to and useable by individuals with disabilities." 28 C.F.R. § 35.150; *see also* 28 C.F.R. § 35.149. This requirement applies to all programs, services, and activities that a public entity offers, whether or not they are carried out in facilities that have been constructed or altered since January 26, 1992. Sidewalks are a vital public service or activity under Title II of the ADA. 28 C.F.R. § 35.104; *LA Alliance*, 14 F.4th at 959; *Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th Cir. 2002).

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

110.

Furthermore, the regulations implementing Title II of the ADA provide that a public entity must maintain the features of all facilities to be accessible by the ADA. 28 C.F.R. § 35.133. The facilities required to be accessible include sidewalks, walks, and passageways. 28 C.F.R. § 35.104.

111.

Due to the blockages and failures to remove the blockages addressed above, the City's sidewalks are not fully, equally, or meaningfully accessible to Plaintiffs and members of the class when viewed in their entirety. Nor are the facilities in which the City's programs, services, and activities made available to the public. Defendant has therefore violated the "program access" obligation applicable to sidewalk facilities that have not been maintained.

112.

Defendant and its agents and employees have violated and continue to violate Title II of the ADA by failing to maintain the features of the City's sidewalks and walkways free of tent encampments, debris, and other obstructions, as is required to be accessible to ensure access to the City's sidewalks.

113.

As a direct and proximate result of the foregoing, Plaintiffs and members of the class have suffered and continue to suffer difficulty, hardship, anxiety, fear, and danger due to Defendant's failure to remediate and maintain sidewalks and walkways clear of tent encampments and debris through the City's sidewalks. These failures have denied and continue to deny Plaintiffs and members of the class the full, equal, and meaningful access to the sidewalks that the ADA requires.

114.

Pursuant to 42 U.S.C. §§ 12133 and 12205, Plaintiffs and members of the class are entitled to injunctive relief enjoining Defendant to remediate, clear, and maintain all City's sidewalks from debris and tent encampments such that, when viewed in their entirety, the City's sidewalks are readily accessible and useable by individuals with mobility disabilities in a safe and clean manner;

Page 47 – CLASS ACTION COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

ensure prompt remedial measures to cure past violations of the City's duty to maintain clear sidewalks free from debris and tent encampments; ensure that all the City's sidewalks prospectively comply with all relevant ADA and Rehabilitation Act standards, as well as any other federal and state disability standards, regulations, or rules, whichever is most stringent in its disability access requirements. Additionally, to the extent the City may be unable to clear the City's sidewalks of tent encampments due to the constraints imposed by *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019) or House Bill 3115, Ch. 370 Or Laws 2021, an order requiring the City to construct, purchase or otherwise provide for emergency shelters in which to house the unsheltered persons affected by the Court's judgment, to comply with applicable law, and clear and maintain the City's sidewalks. Plaintiffs are also entitled to reasonable attorneys' fees, expert expenses, and costs incurred in bringing this action.

## SECOND CLAIM FOR RELIEF
### Section 504 of the Rehabilitation Act of 1973
### 29 U.S.C. § 794 *et seq*.

115.

Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs.

116.

Section 504 of the Rehabilitation Act of 1973 provides in part: "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance . . .." 29 U.S.C. § 794(a).

117.

Plaintiffs and members of the class are otherwise qualified to participate in the services, programs, or activities that are provided to individuals in the City. *See* 29 U.S.C. § 794(b).

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

118.

The City is a direct recipient of federal financial assistance sufficient to invoke the coverage of Section 504 and has received such federal financial assistance at all times relevant to the claims asserted in this Complaint.

119.

Defendant and its agents and employees have violated, and continue to violate, the Rehabilitation Act and the regulations promulgated thereunder by excluding the class members from participation in, and denying the class members the benefits and services of the City's sidewalks for the reasons set forth above. These violations discriminate against the class members based solely by reason of their disability.

120.

As a direct and proximate result of the foregoing, Plaintiffs and members of the class suffered and continue to suffer discrimination, difficulty, hardship, anxiety, fear, and danger due to Defendant's failure to remediate and maintain its sidewalks clear from tent encampments and debris. These failures have denied Plaintiffs and members of the class the full, equal, and meaningful access to the sidewalks that Section 504 requires.

121.

Because Defendant's discriminatory conduct presents a real and immediate threat of current and continuing violations, injunctive relief is an appropriate remedy.

122.

Pursuant to 29 U.S.C. § 794(a), Plaintiffs and members of the class are entitled to injunctive relief enjoining Defendant to remediate, clear, and maintain all the City's sidewalks from debris and tent encampments such that, when viewed in their entirety, the City's sidewalks are readily accessible and useable by individuals with mobility disabilities in a safe and clean manner; ensure prompt remedial measures to cure past violations of the City's duty to maintain clear sidewalks free from debris and tent encampments; ensure that all the City's sidewalks prospectively comply

Page 49 – CLASS ACTION COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main ∙ (503) 778-5299 fax

with all relevant ADA and Rehabilitation Act standards, as well as any other federal and state disability standards, regulations, or rules, whichever is most stringent in its disability access requirements. Alternatively, to the extent the City may be unable clear the City's sidewalks of tent encampments due to constraints imposed by *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019) or House Bill 3115, Ch 370 Or Laws 2021, an order requiring the City to construct, purchase or otherwise provide for emergency shelters in which to house the unsheltered persons affected by the Court's judgment, to comply with applicable law, and clear and maintain the City's sidewalks. Plaintiffs are also entitled to reasonable attorneys' fees and costs incurred in bringing this action.

## PRAYER FOR RELIEF

THEREFORE, Plaintiffs request judgment as follows:

A.     Certification of Plaintiffs' claims as a Class Action, certification of Plaintiffs as Class Representatives, and certification of Plaintiffs' counsel as Class Counsel;

B.     Issuance of a permanent injunction requiring the City to undertake remedial measures to mitigate the effects of the City's past and ongoing violations of Title II of the ADA, Section 504 of the Rehabilitation Act, and the regulations promulgated under those statutes. At a minimum, the City must be enjoined to take the following actions:

i.     Ensure that the City remediates, maintains, and clears all the City's sidewalks from debris and tent encampments (including buffers of ten feet from each sidewalk to shield class members from threats to their personal safety which they regularly experience when navigating close to tent encampments) such that, when viewed in their entirety, the City's sidewalks are readily accessible and useable by individuals with mobility disabilities in a safe and clean manner;

ii.     Ensure prompt remedial measures to cure past violations of the City's duty to maintain clear sidewalks free from debris and tent encampments;

iii.     Ensure that all the City's sidewalks prospectively comply with all relevant ADA and Rehabilitation Act standards, as well as any other federal and state disability

Page 50 – CLASS ACTION COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

standards, regulations, or rules, whichever is most stringent in its disability access requirements;

iv.    To the extent the City may be unable to clear the City's sidewalks of tent encampments due to the constraints imposed by *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019) or House Bill 3115, Ch 370 Or Laws 2021, an order requiring the City to construct, purchase, or otherwise provide for emergency shelters in which to house the unsheltered persons affected by the Court's judgment, to comply with applicable law, and clear and maintain the City's sidewalks;

C.    Reasonable attorneys' fees, expert expenses, and costs, as provided by law;

D.    Monetary relief to the class representatives; and

E.    Such other relief as the Court finds just and proper.

DATED: September 6, 2022.

DAVIS WRIGHT TREMAINE LLP

By  s/ John DiLorenzo, Jr.
    John DiLorenzo, Jr., OSB #802040
    johndilorenzo@dwt.com
    Aaron K. Stuckey, OSB # 954322
    aaronstuckey@dwt.com
    Christopher Swift, OSB #154291
    chrisswift@dwt.com
    Seth R. Tangman, OSB #211456
    moetangman@dwt.com
    Telephone: (503) 241-2300
    Facsimile: (503) 778-5299

    Of Attorneys for Plaintiffs

4885-2693-9427v.13 0113258-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax