NAOMI SHEFFIELD, OSB 170601
Senior Deputy City Attorney
naomi.sheffield@portlandoregon.gov
ELIZABETH C. WOODARD, OSB 075667
Deputy City Attorney
beth.woodard@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendant City of Portland*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **TIANA TOZER, PHILIP RHODES, BARBARA JACOBSEN, DANE SOUTHARD, LORIEN ILENA WELCHOFF, PAULINE LONG, MARK BARNHILL, STEVE JACKSON, KEITH MARTIN, and STEVEN REBISCHKE on** behalf of themselves and all others similarly situated, | **3:22-cv-01336-MO** |
| **Plaintiffs,** | **ANSWER & AFFIRMATIVE DEFENSES** |
| v. | |
| **CITY OF PORTLAND,** | |
| **Defendant.** | |

Defendant City of Portland responds to the allegations contained in Plaintiffs' Complaint in correspondingly numbered paragraphs below:

1.

The City asserts paragraph 1 constitutes a preliminary statement and requires no response. To the extent a response is required, the City denies plaintiffs may seek relief on behalf of other persons prior to certification of a class. To the extent not expressly admitted, all

Page 1 –    ANSWER & AFFIRMATIVE DEFENSES

remaining allegations of paragraph 1 are denied.

## INTRODUCTION

2.

The City asserts paragraph 2 consists of legal conclusions and requires no response. To the extent a response is required, the City denies paragraph 2.

3.

The City asserts paragraph 3 consists of legal conclusions and requires no response. To the extent a response is required, the City denies paragraph 3.

4.

The City is without information to admit or deny whether plaintiffs are individuals with mobility disabilities or caretakers for persons with a qualifying disability and therefore denies the same. The City denies plaintiffs may seek relief on behalf of other persons unless a class is certified. To the extent not expressly admitted, the City denies the remainder of paragraph 4.

5.

The City asserts paragraph 5 consists of legal conclusions and requires no response. The City admits that the language of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504"), as well as the Ninth Circuit's decision in *LA Alliance for Human Rights v. County of Los Angeles*, 14 F.4th 947 (9th Cir. 2021) speak for themselves. To the extent not expressly admitted, the City denies the remainder of paragraph 5.

6.

The City asserts paragraph 6 consists of legal conclusions and requires no response. The City admits that the language of the ADA and Section 504, as well as the Ninth Circuit's decision in *LA Alliance for Human Rights v. County of Los Angeles*, 14 F.4th 947 (9th Cir. 2021) speak for themselves. To the extent a response is required, the City asserts it manages 9 million square yards of sidewalks, constituting approximately 2,462 total miles of sidewalk. When viewed

Page 2 – ANSWER & AFFIRMATIVE DEFENSES

programmatically and in totality, the City maintains its sidewalks in compliance with all applicable state, federal, and local regulations and maintains sufficient programs, policies, services, and systems to respond to accommodations requested by qualifying individuals, including but not limited to, requests regarding tent encampments. To the extent not expressly admitted, the City denies the remainder of paragraph 6.

7.

The City asserts paragraph 7 consists of legal conclusions and requires no response. To the extent a response is required, the City denies paragraph 7.

8.

The City asserts paragraph 8 consists of legal conclusions and requires no response. To the extent a response is required, the City denies paragraph 8.

9.

The City asserts paragraph 9 consists of legal conclusions and requires no response. To the extent a response is required, the City denies paragraph 9.

10.

The City asserts paragraph 10 restates plaintiffs' request for relief and requires no response. To the extent a response is required, the City denies plaintiffs are entitled to injunctive relief, attorney fees, expenses, and costs.

**JURISDICTION AND VENUE**

11.

The City asserts paragraph 11 restates plaintiffs' request for relief and requires no response. To the extent a response is required, the City denies alleged violations of the ADA and/or Section 504 and denies plaintiffs are entitled to injunctive relief.

12.

The City admits paragraph 12.

Page 3 –    ANSWER & AFFIRMATIVE DEFENSES

13.

The City admits paragraph 13.

14.

The City admits paragraph 14.

**PARTIES**

15.

The City is without sufficient information to admit or deny the allegations of paragraph 15 and therefore denies the same.

16.

The City is without sufficient information to admit or deny the allegations of paragraph 16 and therefore denies the same.

17.

The City is without sufficient information to admit or deny the allegations of paragraph 17 and therefore denies the same.

18.

The City is without sufficient information to admit or deny the allegations of paragraph 18 and therefore denies the same.

19.

The City is without sufficient information to admit or deny the allegations of paragraph 19 and therefore denies the same.

20.

The City is without sufficient information to admit or deny the allegations of paragraph 20 and therefore denies the same.

21.

The City is without sufficient information to admit or deny the allegations of paragraph

Page 4 –    ANSWER & AFFIRMATIVE DEFENSES

21 and therefore denies the same.

22.

The City is without sufficient information to admit or deny the allegations of paragraph 22 and therefore denies the same.

23.

The City is without sufficient information to admit or deny the allegations of paragraph 23 and therefore denies the same.

24.

The City is without sufficient information to admit or deny the allegations of paragraph 24 and therefore denies the same. The City further asserts plaintiff Rebischke lacks associational standing to pursue ADA and/or Section 504 claims.

25.

The City is without sufficient information to admit or deny the allegations of paragraph 25 and therefore denies the same.

26.

The City admits paragraph 26.

27.

The City admits it manages its sidewalks to the extent required by relevant City Charter, City Code, state, and federal regulations including but not limited to the ADA and Section 504. To the extent not expressly admitted, the City denies the remaining allegations of paragraph 27.

**FACTS APPLICABLE TO ALL CLAIMS**

28.

The City admits Point in Time ("PIT") counts demonstrate an increase in the number of unsheltered individuals within Multnomah County in recent years. Except as expressly admitted, the City denies the remaining allegations of paragraph 28.

Page 5 –    ANSWER & AFFIRMATIVE DEFENSES

29.

The City admits it initially ceased and then limited removal of tent encampments during the global pandemic pursuant to guidance by the Center for Disease Control ("CDC"). Except as expressly admitted, the City denies the remaining allegation in paragraph 29.

30.

The City is without sufficient information to admit or deny the allegations of paragraph 30 and therefore denies the same.

31.

The City admits the January 2022 PIT count reported 5,288 individuals experiencing homelessness within Multnomah County with a subset of 3,057 individuals experiencing unsheltered homelessness. The City denies the remaining allegations of paragraph 31.

32.

The City denies paragraph 32 in its entirety. In further response to paragraph 32, the City asserts the existence of transportation hubs, vibrant neighborhoods, and commercial districts beyond those listed by plaintiffs in their complaint.

33.

The City denies paragraph 33 in its entirety. In further response to paragraph 33, the City asserts individuals experiencing unsheltered homelessness reside in numerous City neighborhoods and districts, not only the areas identified by plaintiffs in their complaint.

34.

The City denies paragraph 34 in its entirety.

35. – 56.

In response to paragraphs 35 – 56, the City is without sufficient information to admit or deny the allegations and therefore denies the same. In further response to paragraphs 35 – 56, the City asserts that most, if not all, of the encampments identified in these paragraphs have

Page 6 –    ANSWER & AFFIRMATIVE DEFENSES

subsequently been removed.

57.

The City denies paragraph 57 in its entirety.

**EXPERIENCES OF THE NAMED PLAINTIFFS**

58. – 61.

**A.  Tiana Tozer**

The City is without sufficient information to admit or deny the allegations of paragraphs 58 – 61 and therefore denies the same.

62. – 65.

**B.  Philip Rhodes**

The City is without sufficient information to admit or deny the allegations of paragraphs 62 – 65 and therefore denies the same.

66. – 70.

**C.  Barbara Jacobsen**

The City is without sufficient information to admit or deny the allegations of paragraphs 66 – 70 and therefore denies the same.

71. – 73.

**D.  Dane Southard**

The City is without sufficient information to admit or deny the allegations of paragraphs 71 – 73 and therefore denies the same.

74. – 77.

**E.  Lorien Ilena Welchoff**

The City is without sufficient information to admit or deny the allegations of paragraphs 74 – 77 and therefore denies the same.

///

Page  7  –    ANSWER & AFFIRMATIVE DEFENSES

78. – 80.

**F.  Pauline Long**

The City is without sufficient information to admit or deny the allegations of paragraphs 78 – 80 and therefore denies the same.

81. – 83.

**G.  Mark Barnhill**

The City is without sufficient information to admit or deny the allegations of paragraphs 81 – 83 and therefore denies the same.

84. – 88.

**H.  Steve Jackson**

The City is without sufficient information to admit or deny the allegations of paragraphs 84 – 88 and therefore denies the same.

89. – 92.

**I.  Keith Martin**

The City is without sufficient information to admit or deny the allegations of paragraphs 89 – 92 and therefore denies the same.

93. – 95.

**J.  Steven Rebischke**

The City is without sufficient information to admit or deny the allegations of paragraphs 93 – 95 and therefore denies the same.

## CLASS ACTION ALLEGATIONS

96.

Paragraph 96 constitutes a legal conclusion, and no response is required. To the extent a response is required, the City admits that plaintiffs purport to bring this action pursuant to Federal Rule of Civil Procedure 23 (b)(2), and to the extent further response is required, the City

Page  8  –    ANSWER & AFFIRMATIVE DEFENSES

denies paragraph 96.

97.

Paragraph 97 constitutes a legal conclusion and requires no response. To the extent a response is required, the City is without sufficient information to admit or deny the allegation in paragraph 97, and therefore denies the same.

98.

The City denies paragraph 98 in its entirety.

99.

The City denies paragraph 99 in its entirety.

100.

The City denies paragraph 100 in its entirety.

101.

The City denies paragraph 101 in its entirety.

102.

The City is without sufficient information to admit or deny the allegation in paragraph 102, and therefore denies the same.

103.

Paragraph 103 constitutes a legal conclusion, and no response is required. To the extent a response is required, the City denies paragraph 103.

104.

Paragraph 104 constitutes a legal conclusion, and no response is required. To the extent a response is required, the City denies paragraph 104.

///

///

///

Page  9  –    ANSWER & AFFIRMATIVE DEFENSES

**FIRST CLAIM FOR RELIEF**
**Title II of the Americans with Disabilities Act of 1990**
**42 U.S.C. § 12101 *et seq.***

105.

The City incorporates its responses to the preceding paragraphs as if fully set forth

herein.

106.

Paragraph 106 constitutes a legal conclusion and requires no response. To the extent a

response is required, the City admits that the language of the ADA speaks for itself.

107.

The City admits it is a public entity within the meaning of the ADA. The remainder of

paragraph 107 consists of legal conclusions and requires no response.

108.

The City is without sufficient information to admit or deny the allegations of paragraph

108 and therefore denies the same. The City further denies plaintiffs may seek relief on behalf of

other persons prior to class certification.  The remainder of paragraph 108 consists of legal

conclusions and requires no response. Except as expressly admitted, the City denies the

remaining allegations of paragraph 108.

109.

Paragraph 109 consists of legal conclusions and requires no response. To the extent a

response is required, the City admits that the language of the ADA regulations, as well as the

Ninth Circuit's decision in *LA Alliance for Human Rights v. County of Los Angeles*, 14 F.4th 947

(9th Cir. 2021) and *Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th Cir. 2002) speak for

themselves. Except as expressly admitted, the City denies the remaining allegations of paragraph

109.

110.

Paragraph 110 consists of legal conclusions and requires no response. To the extent a

Page  10  –   ANSWER & AFFIRMATIVE DEFENSES

response is required, the City admits that the language of the ADA regulations speaks for itself.

111.

The City denies paragraph 111 in its entirety.

112.

The City denies paragraph 112 in its entirety.

113.

The City denies paragraph 113 in its entirety.

114.

The City denies paragraph 114 in its entirety.

**SECOND CLAIM FOR RELIEF**
**Section 504 of the Rehabilitation Act of 1973**
**29 U.S.C. § 794 *et seq.***

115.

The City incorporates its responses to the preceding paragraphs as if fully set forth

herein.

116.

Paragraph 116 constitutes a legal conclusion and requires no response. To the extent a

response is required, the City admits that the language of Section 504 speaks for itself.

117.

Paragraph 117 consists of legal conclusions and requires no response. To the extent

response is required, the City is without sufficient information to admit or deny the allegations of

paragraph 117 and therefore denies the same. The City specifically denies that plaintiff

Rebischke has associational standing to bring claims. The City further denies plaintiffs may seek

relief on behalf of other persons prior to class certification.

118.

The City admits paragraph 118.

Page 11 –  ANSWER & AFFIRMATIVE DEFENSES

119.

The City denies paragraph 119 in its entirety.

120.

The City denies paragraph 120 in its entirety.

121.

The City denies paragraph 121 in its entirety.

122.

The City denies paragraph 122 in its entirety.

**PRAYER FOR RELIEF**

The City denies plaintiffs are entitled to injunctive relief, attorney fees, expenses or costs as requested.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

123.

One or more plaintiffs failed to state a claim on which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Standing)**

124.

One or more plaintiffs lack standing to assert the claims at issue.

**THIRD AFFIRMATIVE DEFENSE**

**(ADA Reasonableness)**

125.

The City's method for reporting, assessing, and removing tent encampments is reasonable when the sidewalks are viewed in their entirety.

///

Page  12  –   ANSWER & AFFIRMATIVE DEFENSES

## FOURTH AFFIRMATIVE DEFENSE

### (Constitutional Rights of the Unhoused)

126.

The City's removal and enforcement of tent encampments must respect the constitutional rights of unhoused individuals in both their persons and their property. *See Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019) ("[T]he Eighth Amendment prohibits the imposition of criminal penalties for sitting, sleeping, or lying outside on public property for homeless individuals who cannot obtain shelter."); *Lavan v. City of Los Angeles*, 693 F.3d 1022 (9th Cir. 2012) (considering Fourth and Fourteenth Amendment protections related to momentarily unattended property left on City sidewalks).

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith)

127.

All actions taken with respect to the plaintiffs were taken in good faith and for legitimate business reasons.

## SIXTH AFFIRMATIVE DEFENSE

### (Equitable Conduct)

128.

Any conduct taken with respect to a plaintiff or plaintiffs was/were not based on the fact they are persons with disabilities.

## SEVENTH AFFIRMATIVE DEFENSE

### (Equal Access)

129.

The City has provided equivalent access for persons with disabilities to enjoy the City's programs and services, and activities are readily accessible and usable by persons with

Page  13  –   ANSWER & AFFIRMATIVE DEFENSES

disabilities when viewed in their entirety; thus, plaintiffs' claims are barred.

## EIGHTH AFFIRMATIVE DEFENSE

## (Correction Feasibility)

130.

Correction or removal of any alleged deficiencies and/or barriers is not readily achievable or required.

## NINTH AFFIRMATIVE DEFENSE

## (Correction Control)

131.

Correction or removal of any alleged deficiencies and/or barriers is beyond the control or capacity of the City.

## TENTH AFFIRMATIVE DEFENSE

## (Unreasonable Hardship)

132.

The alleged deficiencies and/or barriers are, in whole or in part, not required to be corrected or removed because compliance would create an unreasonable hardship.

## ELEVENTH AFFIRMATIVE DEFENSE

## (Fundamental Alteration of Services)

133.

The alleged deficiencies and/or barriers are, in whole or in part, not required to be corrected or removed because it would constitute a fundamental alteration to do so.

## TWELFTH AFFIRMATIVE DEFENSE

## (Infeasibility)

134.

The alleged deficiencies and/or barriers are, in whole or in part, not required to be

Page  14  –   ANSWER & AFFIRMATIVE DEFENSES

corrected or removed because it is technically infeasible and/or structurally impracticable to do so.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Totality of Program or Service)

135.

The alleged deficiencies and/or barriers do not in fact impede or impair access to the sidewalks as a program or service when viewed in their totality.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Acceptable Industry Tolerance)

136.

Any alleged deficiencies and/or barriers are merely technical violations within the acceptable industry tolerances for field conditions and the sidewalks, taken as a whole, are compliant with applicable law.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Accessible Programs)

137.

The City has provided accessible facilities, programs, and services.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Appropriate Means)

138.

The City has provided appropriate means for disabled individuals to enjoy its facilities, programs, and services, including but not limited to, its sidewalks.

///

///

///

Page  15  –   ANSWER & AFFIRMATIVE DEFENSES

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Impermissible Class)

139.

The alleged class is invalid as it is an impermissible "fail-safe" class; its members cannot be defined, and the determination of individual membership depends on whether the person has a valid claim.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Fault of Others)

140.

Plaintiffs' claims result from the conduct of third parties over which the City has no control.

WHEREFORE, having fully answered, the City respectfully prays for the following:

1. Judgment in the City's favor and the matter be dismissed with prejudice;

2. costs and recoverable attorney's fees; and

3. any such additional relief as appropriate in equity and in law.

Dated:  January 31, 2023

Respectfully submitted,

/s/ Naomi Sheffield
NAOMI SHEFFIELD
OSB # 170601
Senior Deputy City Attorney
ELIZABETH C. WOODARD
OSB # 075667
Deputy City Attorney
Telephone: (503) 823-4047
Of Attorneys for Defendant City of Portland

Page  16  –   ANSWER & AFFIRMATIVE DEFENSES